# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONNA DECLUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case number 1:08cv0054 RWS |
| ) | TCM |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) action for judicial review of an adverse decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the application of Donna DeClue ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, and for supplemental security income ("SSI") under Title XV of the Act, 42 U.S.C. §§ 1381-1383b. The case is before the undersigned United States Magistrate Judge for a review and recommended disposition. See 28 U.S.C. § 636(b). For the reasons set forth below, the undersigned recommends that the case be dismissed for failure to prosecute and failure to comply with a court order.

Plaintiff filed her § 405(g) complaint on April 9, 2008, and was granted leave to proceed in forma pauperis on April 16. That same day, the Court entered a Case Management Order directing the Commissioner to file an answer and the administrative transcript within sixty days of service of the complaint. Plaintiff was ordered to a brief in

support of her complaint within thirty days after service of the Commissioner's answer and the transcript.

The Commissioner filed his answer and the transcript on June 30.

Plaintiff has not filed a brief in support of her complaint, nor as she asked for an extension of time in which to do so.

Consequently, the undersigned ordered her on September 9 to show cause within fourteen days why her complaint should not be dismissed for failure to comply with the Case Management Order and with Local Rule 9.02 of the Eastern District of Missouri (providing that a plaintiff in a § 405(g) action file a brief in support of his or her complaint "within 30 days after the Commissioner's service of an answer and the administrative transcript").

Plaintiff has not responded to the show cause order.

"A district court may, in its discretion, dismiss an action pursuant to Fed.R.Civ.P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order.'" **Smith v. Gold Dust Casino**, 526 F.3d 402, 404 (8th Cir. 2008). Even if it were without prejudice, a dismissal in this case would effectively be with prejudice due to the time limits for failing a § 405(g) action. See 42 U.S.C. § 405(g) (providing for a sixty-day period for filing an action for judicial review of the Commissioner's final decision). Such a sanction is "an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." **Hunt v. City of Minneapolis, Minn.**, 203 F.3d 524, 527 (8th Cir. 2000). There is such disobedience in the instant case. Moreover, Plaintiff's failure to comply with the Case Management Order and

Local Rule 9.02 has effectively halted the progress of the litigation she initiated. She has offered no explanation for this failure despite being ordered to do so, leaving the Court with the option of dismissing her case or having a case ride its docket without any progress. Plaintiff's willful disregard of the Court's orders militates in favor of the first option. See **Skelton v. Henry**, 390 F.3d 614, 619 (8th Cir. 2004) (affirming dismissal of claim for failure to prosecute when plaintiff failed to file a dispositive motion after being ordered to do so).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the complaint of Donna DeClue be DISMISSED for failure to prosecute and failure to comply with a court order.

The parties are advised that they **up to and including October 27, 2008**, to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of October, 2008.